IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERMAN H. GUEVARA, #48294-177, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2955-B-BK |
| | § | |
| MARIO GRIMALDO, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

On October 21, 2016, Plaintiff, a federal prisoner in Mississippi, initiated this *pro se* lawsuit against Defendant Mario Grimaldo, a Dallas area resident, for the alleged unauthorized and illegal taking of his person property, namely: a 16-foot trailer loaded with valuable welding equipment. Doc. 3 at 1-3. Plaintiff asserts that three days after his June 19, 2014 arrest by federal agents, Grimaldo moved the trailer and equipment without Plaintiff's consent, and subsequently told one of Plaintiff's friends that the federal agents had confiscated everything including the trailer and equipment. Doc. 3 at 3. Plaintiff maintains the trailer and equipment

were valued at $50,000.  *Id.*   By this action, it appears Plaintiff seeks the return of his personal property or to be compensated for its loss.[1]  Doc. 3 at 3.

Because the complaint did not contain any factual basis supporting federal question or diversity jurisdiction, the Court directed Plaintiff to submit a brief explaining the basis for this Court's subject matter jurisdiction over the claim pled in the complaint.  Doc. 5.  In his response, Plaintiff relies on diversity jurisdiction and pleads for the first time $100,000 in punitive damages.  Doc. 11 at 2.

Prior to filing this action, Plaintiff sought the return of the trailer and equipment at issue in this case, claiming they were seized along with other property by the federal agents when he was arrested.  *See Guevara v. United States*, No. 3:15-CV-4037-D-BK (N.D. Tex.), *Motion for Return of Seized Property*, Civ. Doc. 1, and *Order*, Civ. Doc. 4, converting the motion to a civil action for return of property.  However, on March 30, 2016, the United States moved for dismissal because it had not seized the property at issue.  Civ. Doc. 12.  And on July 8, 2016, after seeking an extension to respond, Plaintiff voluntarily moved to dismiss the action.  Civ. Doc. 20.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant

---

[1] The complaint "ask[s] for assistance in locating plaintiff['s] trailer."  Doc. 3 at 3.  However, such a request is not cognizable in this action.

who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, the complaint is frivolous.

Even assuming diversity jurisdiction, Plaintiff's claim for conversion of personal property against Defendant Grimaldo is time barred. Because Plaintiff alleges the events at issue occurred in June 2014, shortly after his arrest, the deadline for filing suit was no later than June 2016. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (statute of limitations for conversion of property is two years); *Sykes v. Pub. Storage Inc.*, 425 Fed. Appx. 359, 362-63 (5th Cir. 2011) (same); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions). Moreover, by virtue of the government's motion in Case No. 3:15-CV-04037-D-BK, Plaintiff knew by early April 2016 (more than two months *before* the two-year limitations period elapsed) that the Government had not seized the trailer and equipment after his arrest. Civ. Doc. 12 at 1. In addition, his own pleadings in the prior suit confirm that by June 2016, Plaintiff knew that Grimaldo had unlawfully taken his trailer and equipment. Civ. Doc. 20 at 2 (Plaintiff's voluntary motion to

dismiss was signed on July 1, 2016). Yet, he did not initiate this action until more than three months later, after limitations had expired.[2]

### III. LEAVE TO AMEND

Ordinarily, a pro se plaintiff should be granted leave to amend his complaint prior to *sua sponte* dismissal with prejudice. *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009) (per curiam) (while generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'"). For the reasons outlined herein, Plaintiff's claim is fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b).

---

[2] A pro se prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff's complaint is dated October 19, 2016, Doc. 3 at 4, the day he likely submitted it to prison officials for mailing.

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

**SIGNED** June 10, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."